# CONFIDENTIALITY AGREEMENT

**Plaintiff, Joshua Fischman and Defendant, American Airlines, Inc.** ("PLAINTIFF" and "AMERICAN," respectively)[1] **in the matter of <u>JOSHUA FISCHMAN V. AMERICAN AIRLINES, INC., et al., IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, DOCKET NO: 1:22-CV-08124-JPC</u>**, enter into this Joint Confidentiality Agreement ("AGREEMENT") to protect confidential, trade secret, and proprietary information requested by PLAINTIFF and the other parties ("Confidential Information").

All Confidential Information shall be strictly confidential and treated as such by PLAINTIFF and AMERICAN shall not be disseminated or shared with others by PLAINTIFF and AMERICAN except as set forth herein, and shall be used by PLAINTIFF and AMERICAN <u>solely for the purpose of investigating and litigating the claims asserted in the matter of JOSHUA FISCHMAN V. AMERICAN AIRLINES, INC., et al., IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, DOCKET NO: 1:22-CV-08124-JPC (the "Claim"), and shall be used for no other purpose whatsoever except as set forth herein.</u>

**Access to "CONFIDENTIAL" Information and Items.** With respect to all documents and things produced which are designated as "CONFIDENTIAL," "CONF," or any phrase containing the word "confidential," by the producing person or party, the documents and things and the information contained in or derived from such documents or things, shall be kept confidential, and shall not be communicated in any manner, either directly or indirectly, to any person or entity other than (a) the attorneys for PLAINTIFF and AMERICAN and their attorneys' support staff; (b) all stenographic and photocopying agencies employed by such attorneys in this litigation whose functions require access to such information; (c) judges, clerks, special masters and other personnel of the Court; (d) independent experts or consultants retained by PLAINTIFF

---

[1] The instant Agreement will be binding upon any counsel executing below for additional or joined parties, despite said parties' names not being included in the foregoing list of current parties.

and AMERICAN or their attorneys (subject to compliance with Paragraph 6); and (f) such other person(s) as may be specifically agreed in writing by PLAINTIFF and AMERICAN, as long as such other person(s) has/have signed the attached statement ("Attachment 1").  Furthermore, the documents and things, and the information contained in or derived from such documents or things, shall be received and used only for purposes directly related to the "Claim" and not for any other purpose, including but not limited to promotional or competitive activities.

**Handling of Confidential Materials**.  Any person in possession of materials that have been designated as "CONFIDENTIAL," "CONF," or any phrase containing the word "confidential" shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such materials to ensure that their confidential nature is maintained.  No person receiving such materials shall, directly or indirectly, transfer, disclose, or communicate in any way the materials or the contents or information of the materials to any person other than as specified in this Agreement.

**Use of Confidential Information at Deposition.**  If depositions are conducted in this action which involve information designated as "CONFIDENTIAL," "CONF," or any phrase containing the word "confidential," by a party, their content may be marked and treated in the same manner as documents and things in paragraphs 1-3.  The portions of said depositions involving such information will be taken "in camera" with no one present except said attorneys, the reporter, the deponent and such other persons as would be allowed to receive the information under the paragraphs above.  Counsel shall also have thirty (30) days after receipt of a deposition transcript to designate portions thereof as "CONFIDENTIAL."  If any such "CONFIDENTIAL" deposition testimony or "CONFIDENTIAL" deposition exhibits are filed with the Court, it shall be filed under seal, shall be marked with reference to this Agreement and shall not be opened or viewed by anyone other than court personnel, except upon Court order.

**Prohibition of Disclosure of Confidential Deposition Testimony.**  All persons, other

than PLAINTIFF and AMERICAN, and their counsel, present at the taking of the depositions in which such "CONFIDENTIAL" information is involved, upon notice of the terms of this Agreement, are hereby prohibited and enjoined from disclosing to any other person not authorized under this Agreement to receive such information.

**Disclosure to Experts.** Before any disclosure of "CONFIDENTIAL" information to retained expert(s), such expert(s) shall be provided with a copy of this Agreement and shall execute the attached statement ("Attachment 1") averring that they have read and understand this Agreement and agree to be bound by its terms.

**Use at Trial.** Information identified as "CONFIDENTIAL" in accordance with this Agreement may be disclosed in testimony at the trial of this action or ordered in evidence at the trial of this action, as long as appropriate measures are taken to protect such information as trade secrets and confidential, and protect such designated information from public disclosure, subject to the Rules of Evidence and subject to such further order as the Court may enter.  Nothing in this Agreement is intended to change the burden of proof or rules of evidence as set out in the applicable rules of procedure and evidence.

**No Waiver.** Acceptance by a party of any information, document or thing identified as "CONFIDENTIAL" hereunder shall not constitute a concession that the information, document or thing is confidential or a trade secret and the receiving party may move the Court for an order to reclassify the material or request that it falls outside the protections provided by this Agreement.

**Jurisdiction.** Any dispute arising under this agreement shall be heard by the Court holding jurisdiction over the underlying litigation at that time.

**Return or Destruction Upon Termination of Litigation.** Those documents, deposition transcripts or other information identified by any party as "CONFIDENTIAL" and all copies thereof, shall be retained at the offices of counsel for PLAINTIFF and AMERICAN and at the termination of this action, unless otherwise ordered by the Court, shall, upon written request, be

returned to the producing party within sixty (60) days of termination of this action. Alternatively, in lieu returning confidential documents, counsel for the retaining party and/or parties may return a signed affidavit attesting to the fact that the confidential documents have been permanently and completely destroyed so that their reassembly, access, reading and/or decoding has been forever made impossible.

**Challenges to Designation.** If the receiving party disagrees with the producing party's designation of any document as "CONFIDENTIAL," the receiving party shall request in writing that the producing party re-designate such document, such request setting forth the specific documents at issue and the reasons the receiving party believes such document should be re-designated. If the producing party does not re-designate the document within ten (10) business days after receipt of the request to re-designate, the receiving party may then make a motion with the Court for the Court to order the re-designation of such documents.

**Inadvertent Designation.** If through inadvertence, error or oversight, a party fails to properly designate a document, tangible thing or information as "CONFIDENTIAL" at the time of production or disclosure, that party shall promptly notify the receiving party of such error or oversight as soon as such error or oversight is discovered and shall specify in that notice, the particular document(s), tangible thing(s) or information to be reclassified and shall specify the particular designation to be applied. Thereafter, PLAINTIFF and AMERICAN shall treat such document(s), tangible thing(s) or information in the same manner as if it had been properly designated or classified originally. Furthermore, any party who has received such re-classified information and has not agreed to be bound by this Agreement shall execute the attached statement ("Attachment 1") averring that they have read and understand this Agreement and agree to be bound by its terms. If the receiving party objects to the reclassification of the document, tangible thing or information, the receiving party may make a motion with the Court for the Court to order the re-designation of such documents, tangible things or information. Until a ruling is made by

the Court on the objection, PLAINTIFF and AMERICAN shall treat such document(s), tangible thing(s) or information in the same manner as if it had been properly designated or classified originally.

Signed this 16th day of November, 2022.

_____,
J.

**COUNSEL FOR PLAINTIFF, JOSHUA FISCHMAN**

_____
Signature
 Tom Mutone, Esq
Printed Name
 Attorney
Title
 Harmon Linder & Rogowsky
Company or Affiliation

Signed this  27    day of  October         , 2022.

✓

**COUNSEL FOR DEFENDANT, AMERICAN AIRLINES, INC.**

_____
Signature
   Nathan R. Bohlander, Esquire
Printed Name
 Attorney
Title
 Morgan & Akins, PLLC
Company or Affiliation

Signed this  28    day of  October         , 2022.

6

# ATTACHMENT 1

**CONFIDENTIALITY AGREEMENT**

I, _____, do solemnly swear under the penalties of perjury that I am fully familiar with the terms of the Joint Confidentiality Agreement entered into by **Plaintiff, Joshua Fischman and Defendant, American Airlines, Inc.,** relating to the confidential, trade secret, and proprietary nature of certain information and documentation provided during the course of discovery in the matter of <u>JOSHUA FISCHMAN V. AMERICAN AIRLINES, INC., et al., IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, DOCKET NO: 1:22-CV-08124-JPC</u> (the "Claim.")

I agree to comply with and be bound by the terms and conditions of said Confidentiality Agreement, including but not limited to the following provisions:

1. I will abide by the provision of the Confidentiality Agreement and agree that I am bound by its terms.

2. I will hold all Confidential documents and Confidential Information in strict confidence and will use such documents <u>only</u> for the purpose of the <u>solely for the purpose of investigating and litigating the claims asserted in the Claim</u> (and shall not use it for any other purpose and shall not share or disclose any such Confidential Information with anyone.

3. I will return all such Confidential Information to counsel for the producing party within ten (10) days after the conclusion of this matter.

Signed this _____ day of _____, 20\_\_.

_____
Signature

_____
Printed Name

_____
Title

_____
Company or Affiliation