PATRICIA J. BAXTER ✶ ⚘
WENDY S. SMITH ✶ ⚘ ◇
OLIVER R. BROOKS ✶ ⚘ ◇
MEGHAN F. HENRY ✶ ⚘
C. SCOTT RYBNY ✶ ⚘ ◇
NATHAN R. BOHLANDER ✶ ⚘ ◇
PATRICK K. DAHL ℧ £
LISA A. MILLER ✶ ⚘
ALYSA TALARICO ✶ ⚘ ◇
LINDSAY E. ETTL ⚘
MATTHEW R. HUTCHINSON ¤ ∞
BARAK A. KASSUTTO ✶ ⚘



¤   MEMBER OF CT BAR
℧   MEMBER OF FL BAR
£   MEMBER OF IL BAR
∞   MEMBER OF MA BAR
✶   MEMBER OF NJ BAR
◇   MEMBER OF NY BAR
⚘   MEMBER OF PA BAR

**WRITER'S DIRECT ACCESS**
(215) 305-8223
NBohlander@morganakins.com

February 24, 2023

**Via ECF Filing and E-mail (CronanNYSDChambers@nysd.uscourts.gov)**
The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street
Room 1320
New York, NY 10007

> **RE:**   *Fischman v. American Airlines, Inc.*
> SDNY Docket No. 1:22-cv-08124-JPC
> Local Rule 37.2 Request for Pre-Motion Discovery Conference

Dear Judge Cronan,

Pursuant to Local Rule 37.2, Defendant, American Airlines, Inc. ("American") hereby requests a pre-motion discovery conference with this Honorable Court. Preliminarily, in an attempt to comply with Your Honor's Individual Rules and Practices in Civil Cases 5(C) prior to submitting the instant correspondence, American requested a telephonic conference with counsel for Plaintiff, Joshua Fischman ("Plaintiff") via letter on February 17, 2023. As Plaintiff's counsel has not responded in the past week (and has similarly failed to respond to discovery correspondences and requests since the middle of January, 2023), and factual discovery in the above-referenced matter ends on March 3, 2023, American is forced to submit the instant request for a pre-motion discovery conference.

**IRS Tax Returns**

On January 14, 2023, American's counsel sent Plaintiff's counsel a discovery deficiency letter. Therein, American's counsel set forth that, as part of, and condition to, an agreement to extend Plaintiff's time to respond to discovery requests (which were significantly overdue at the time), and since Plaintiff is setting forth a substantial wage loss claim, Plaintiff's counsel was to produce his client's IRS tax returns for calendar years 2017 through 2022, inclusive, along with Plaintiff's responses. Plaintiff's counsel agreed to these terms, yet counsel failed to produce these returns within the time proscribed. Additionally, despite representations by Plaintiff during his February 2, 2023 deposition that the tax returns actually evinced an increased salary post-subject

The Honorable John P. Cronan
*Fischman v. American Airlines, Inc.* (1:22-cv-08124-JPC)
Local Rule 37.2 Pre-Motion Discovery Conference
February 24, 2023

incident ("Incident"), were readily available to him, and could easily be provided, as well as his counsel's representation that they would be forthcoming, they have still not been produced.

**Discovery Deficiencies**

Also in American's counsel's January 14, 2023 letter, several deficiencies in Plaintiff's January 12, 2023 discovery responses were noted. In response to American's Requests Nos. 1, 13, and 36, which seek documentation relating to Plaintiff's general health insurance and employment information, Plaintiff either objected or indicated his future right to supplement, without providing any substantive information. Similarly, in response to Requests Nos. 2, 3, 4, 9, 11, 12, 14, 18, 19, 20, 21, 30, and 31, Plaintiff simply wrote: "Not in plaintiff's possession," without indicating whether Plaintiff is aware of the existence of any documents responsive to these requests. Furthermore, in the preamble to the Requests, they are "deemed to be continuing so as to require further answer from now until the time of trial, without further notice, if Plaintiff learns further information called for" in the Requests. Plaintiff has not supplemented his responses at any time since they were first produced, despite the fact that factual discovery ends in one (1) week.

**Authorizations**

On February 2, 2023, American's counsel sent Plaintiff's counsel authorizations to allow American's counsel to obtain records from, among other providers, the physician practicing at the physical therapy office who recommended treatment for Plaintiff's Incident-related injuries, a hospital whereat Plaintiff underwent a relevant surgery six (6) months prior to the Incident, and a physician with whom Plaintiff treated for his claimed Incident-related injuries. Similarly, on February 17, 2023, American's counsel sent Plaintiff's counsel several additional authorizations, including those for CMS, a physical therapist identified during his deposition, a radiology office whereat Plaintiff underwent pertinent x-rays and MRIs, and Plaintiff's past educational institutions and places of employment. To date, despite the fact that these records are crucial to American's defense in this matter, Plaintiff's counsel has neither objected to, nor returned, any completed and executed authorizations from either the February 2, 2023 or February 17, 2023 correspondences.

**Deposition Testimony**

In Plaintiff's November 28, 2022 cursory Rule 26 Disclosures, he provided only one (1) name – his own – pursuant to Rule 26(a)(1)(A), as individuals who may have knowledge of facts pertaining to the instant matter. Crucially, in response to Rule 26(a)(1)(B), mandating Plaintiff to produce "all documents . . . and tangible things in [Plaintiff's] possession . . . that are relevant" to the instant matter, and despite the fact that Plaintiff is asserting a substantial wage loss and outstanding out-of-pocket medical expenses, Plaintiff did not cite a single document, and responded only: "Not in plaintiff's possession at this time." This is particularly problematic, especially in light of the fact that, during his February 2, 2023 deposition, Plaintiff cited a host of documents pertinent to the instant matter, as well as representing that they could easily be obtained and produced. These include: the claimed $50k-$60k in outstanding, out-of-pocket medical bills;

The Honorable John P. Cronan
*Fischman v. American Airlines, Inc.* (1:22-cv-08124-JPC)
Local Rule 37.2 Pre-Motion Discovery Conference
February 24, 2023

radiology films for both the incident six (6) months prior to the Incident, as well as the Incident itself (which Plaintiff testified that he could easily download from the patient portal); communications with American customer service following the Incident (to which Plaintiff would have access); the post-Incident unemployment application submitted by Plaintiff (which he testified was denied); and all paystubs from, and W-2s generated by, his employer at the time of the Incident, as well as at present (which, again, Plaintiff testified were easily downloadable). Despite this testimony, as well as Plaintiff's counsel repeatedly putting on the record that additional documentation would be provided after the deposition, American's counsel has not received any of the foregoing in the three (3) weeks since Plaintiff's deposition.

**Conclusion**

In summary, despite agreeing to several extensions of time, attempting to glean the relevant and necessary information and documentation via no fewer than four (4) separate correspondences over the last two (2) months, and providing the entirety of several complete days during which a Rule 5(C) conference could be held in order to resolve the foregoing issues amicably, American is still not in possession of a host of basic information vital to its defense. This includes straightforward educational, financial, and medical records, including paystubs, tax returns, radiologic films, and treatment documents. By way of example, Plaintiff has even failed to produce his post-Incident physical therapy records, which are obviously relevant to his claims. Additionally, Plaintiff has not produced his surgical records from a serious accident which occurred six (6) months prior to the Incident, and for which he was still actively treating at the time of the Incident. American is severely prejudiced by the aforementioned deficiencies and Plaintiff's outright refusal to engage in good-faith discovery throughout this matter. As such, American seeks a Local Rule 37.2 discovery conference with this Honorable Court.

Thank Your Honor for consideration of the foregoing request.

Respectfully,

MORGAN & AKINS, PLLC

_____
Nathan Bohlander, Esq. (Atty ID: 5546130)
18 East 41st Street
6th Floor
New York, NY 10017
*Counsel for Defendant, American Airlines, Inc.*

NRB
CC:   Thomas Mutone, Esq. *(via ECF and electronic mail)*
        Michelle Jean-Jacque, Esq. *(via ECF and electronic mail)*

While the Court is troubled by defense counsel's representations of Plaintiff's failure to participate in discovery in good faith, Defendant's request for a discovery conference is denied without prejudice.  The Court extends *sua sponte* the deadline to complete fact discovery until March 31, 2023.  Defendant may renew its request for a discovery conference following a meet and confer.  In the event that the parties are unable to resolve their disputes on their own, they may submit a joint letter to the Court outlining each party's position.

SO ORDERED.

February 24, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge